**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KEVIN WASHINGTON,** : | |
| : | |
| **Petitioner,** : | **REPORT AND** |
| : | **RECOMMENDATION** |
| - against - : | |
| : | **06 Civ. 13520 (LAP) (RLE)** |
| **J. CONWAY,** : | |
| : | |
| **Respondent.** : | |

**To the HONORABLE LORETTA A. PRESKA, U.S.D.J.:**

## I. INTRODUCTION

_Pro se_ Petitioner Kevin Washington ("Washington"), a New York state prisoner at Attica

Correctional Facility, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petition was

received by the Pro Se Office in this District on November 8, 2006. Washington was convicted

in New York Supreme Court, Bronx County, of two counts of second-degree murder (New York

Penal Law ("N.Y.P.L.") § 125.25[1]), two counts of felony murder (N.Y.P.L. § 125.25[3]), and

two counts of robbery in the first-degree (N.Y.P.L. § 160.15[1],[2]) (Resp't Aff. in Opp'n ¶ 5).

He was sentenced to four concurrent indeterminate terms of 25 years to life for the murder

charges, and concurrent indeterminate terms of 12½ to 25 years for each of the robbery counts

(_id._).

Washington contends that his incarceration violates the United States Constitution in that:

(1) his statements to Baltimore detectives should have been suppressed because of violations of

his Sixth Amendment right to counsel; and (2) the trial court erred in its jury instructions because

the evidence provided to the jury to corroborate accomplice testimony did not connect him to the

commission of the offenses (Pet. Under 28 U.S.C. §2254 ("Pet.")). For the reasons set forth

below, I recommend that Washington's petition be **DENIED**.

## II. BACKGROUND

**A.      Factual Background**

On December 15, 1996, Esteban Martinez and Linda Leone were murdered in their Bronx apartment (Def.'s Mem. of Law in Opp'n to Habeas Corpus Pet ("Def.'s Opp'n") Ex. 1 at 3). After suspects were traced to Baltimore, Maryland, Detective Robert Snead ("Snead") of the Baltimore Police Department joined the investigation (*id.*). Snead was contacted by Washington's twin sister, Keisha Washington, who told him that Washington threatened to kill her for talking to the police about the homicides (Def.'s Opp'n Ex. 2 at 5). Washington was subsequently arrested on assault charges (*id.* at 6). Snead testified that Washington admitted to participating in the double homicide in New York (Suppression Hr'g Tr. at 56-57), and that he had made an audiotape recording of the confession (*id.* at 58-59).

Washington testified that he only agreed to make an audiotaped statement regarding the homicides because he was told that, once he did, the assault charges "would get wiped out" (Tr. at 917). Washington testified that he did not "expect to be arrested and charged on a murder" (*id.* at 918), and believed that the taped statement would be used only to "get Robert [Mitchell, an alleged accomplice,] off the street" (*id.* at 917). Washington moved to suppress these statements as evidence, arguing that his right to counsel had been violated (*see* Def's Opp. Ex 1 at 30). In denying the motion, the trial court held that Washington's right to counsel on the New York case "was not triggered until action was taken against [him] in New York" (Def.'s Opp'n Ex. 3 at 47).

At Washington's trial, an accomplice-corroboration instruction was given (Tr. at 1152). The court determined that both Keisha Washington and Denise Henderson, who testified at trial,

were considered accomplices as a matter of law (*id.* at 1151). The court instructed the jurors that a defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborating evidence tending to connect the defendant with the commission of the offense (*id.* at 1151-52). As corroborating evidence, the jury was told to consider Washington's "oral and audiotape statement to the police, the state of the [victim's] apartment and the condition of the deceased" along with a child's identification of Robert Mitchell (*id.* at 1153). On April 14, 2004, the jury convicted Washington of all counts presented (*id.* at 1233-34).

**B.     Procedural Background**

The Appellate Division, First Department, affirmed Washington's conviction on April 25, 2006 (Resp't Aff. in Opp'n ¶ 7). On appeal, Washington raised two claims: (1) his statements to Baltimore detectives regarding the homicides should have been suppressed based on his Sixth Amendment right to counsel; and (2) his Fourteenth Amendment due process rights had been violated because the specified evidence was not sufficient to corroborate accomplice testimony in a way "tending to connect [him] with the commission of the offenses" (*id.* at ¶ 6). In rejecting his first claim, the court found that Washington's right to counsel in the New York homicide case did not attach upon issuance of the Maryland assault charge, and was not triggered until action was taken against him in New York (*id.* at ¶ 7). With respect to the second claim, the court held that the trial court had provided an appropriate charge on corroboration of accomplice testimony and that the nonaccomplice evidence, taken as a whole, satisfied the corroboration requirement (*id.*). Leave to appeal to the Court of Appeals was denied on May 31, 2006 (*id.*).

## III. DISCUSSION

### A. Threshold Issues

#### 1. Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final ninety days after the final determination by the state court, that is, when the time "to seek direct review in the United States Supreme Court by writ of certiorari expires." *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (*quoting Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)) (internal brackets and quotation marks omitted). Washington's conviction became final on August 29, 2006. His petition, received in this district on November 8, 2006, is, therefore, timely.

#### 2. Exhaustion

##### a. Substantive Exhaustion

Generally, a federal court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. *See* 28 U.S.C. § 2254(b)(1)(A). In order to satisfy substantive exhaustion, a petitioner's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, a petitioner must inform the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." *Jones v. Vacco,* 126 F.3d 408, 413 (2d Cir. 1997) (*quoting Daye v. Attorney Gen. of the State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)) (internal quotation marks omitted). On the first claim, Washington relied on his Sixth Amendment right to counsel in arguing to the state court that his statements to Baltimore detectives should be suppressed. He also relied on several federal cases to support his argument (*see, e.g.,* Def. Mem., Ex. 1). Thus, under the *Daye* standard, Washington's

first claim is substantively exhausted.

Washington's second claim, however, is not substantively exhausted. While *Daye* established a liberal approach to interpreting the presence of a federal constitutional claim, Washington's second claim does not meet the minimum requirements. His appellate brief discussing the accomplice-corroboration charge only briefly cited the Fourteenth Amendment, without making any specific constitutional arguments or otherwise citing federal law. Mere references to "due process" and "fair trial" are insufficient if the argument rests on issues of state law. *Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir. 1984). Here, Washington relies on New York Criminal Procedure Law § 60.22(1), a state law that establishes that a defendant cannot be convicted based on the testimony of an accomplice unsupported by other corroborative evidence. However, there is no federal constitutional requirement that accomplice witness testimony be independently corroborated. *See Caminetti v. United States,* 242 U.S. 470, 495 (1917). Because Washington has not substantively exhausted his claim with respect to accomplice corroboration, his petition should be **DENIED** with respect to this claim.

### b.  Procedural Exhaustion

Procedurally, a petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker,* 41 F.3d 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (*quoting Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)). Since Washington presented the right to counsel argument on each level of appellate review until his leave to appeal to the Court of Appeals was denied, this claim is exhausted.

**B.      Merits of the Right to Counsel Claim**

**1.      Standard of Review**

The Antiterrorism and Effective Death Penalty Act constrains a federal habeas court's

ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims

adjudicated on the merits in state court. It limits issuance of the writ to circumstances in which the

state adjudication "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United

States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000) (O'Connor,

J., concurring). A state court decision is contrary to federal law if the state court applies "a

conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a

case differently than [the Supreme] Court has on a set of materially indistinguishable facts."

*Taylor,* 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual

determination, to grant relief the federal court must find that the "decision . . . was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2).

In this case, Washington's Sixth Amendment claim does not demonstrate that his

conviction was contrary to clearly established federal law. He alleges that his right to counsel

attached when he was issued a Maryland arrest warrant for threatening his sister. Respondent

correctly asserts that the Sixth Amendment right to counsel does not attach until "adversary

judicial criminal proceedings have been initiated against [the defendant]." (Mem. of Law

Statement at 7) (*quoting Kirby v. Illinois,* 406 U.S. 682, 688 (1972)). Since no proceedings had

been initiated against Washington regarding the New York homicides, his right to counsel under

the United States Constitution had not attached at the time he gave his confession. *Id.* Washington

alleges, alternatively, that because the threats he made to his sister were *related* to the homicides to

which he confessed, the right to counsel carried over from the assault charge (Def.'s Opp'n Ex. 1 at

30). However, in *Texas v. Cobb,* the Supreme Court specifically held that the "Sixth Amendment

right [to counsel] is . . . offense specific." 532 U.S. 162, 167 (2001) (*quoting McNeil v. Wisconsin*,

501 U.S. 171, 175 (1991)). Furthermore, while acknowledging that some state courts and federal

courts of appeals have carved out an exception for "factually related" offenses, the Supreme Court

declined to do so. *Id.* at 168. Therefore, the state court's decision on this issue is not contrary to,

but rather in line with, Supreme Court precedent. Washington cited *Texas v. Cobb* in his appellate

brief, and acknowledged that under federal law the right to counsel only attaches to "the same

offense," not to related charges (Def.'s Opp'n Ex. 1 at 32 n.7). However, he argued that New York

law provides greater protection under the state constitution than that afforded by the United States

Constitution (*id.*) (*citing People v. Hobson,* 39 N.Y.2d 479 (1976)). Even if Washington is correct

about the scope of protection under New York's constitution, federal habeas relief can only be

granted if the United States Constitution is violated. Since this second aspect of the claim does not

present a federal issue and is purely a matter of state law, federal habeas relief is not available.

Therefore, I recommend that Washington's petition be **DENIED** on his right to counsel claim**.**

### IV. CONCLUSION

For the foregoing reasons, I recommend that Washington's petition for a writ of habeas

corpus be **DENIED.** Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have

ten days after being served with a copy of the recommended disposition to file written objections to

this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and

served on all adversaries, with extra copies delivered to the chambers of the Honorable Loretta A.

Preska, 500 Pearl Street, Room 1320, and to the chambers of the undersigned, 500 Pearl Street,

Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in

the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,*

474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.

1989) *(per curiam);* 28 U.S.C. §636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: April 25, 2008**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Petitioner
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

Counsel for Respondent
Nancy D. Killian
Assistant District Attorney
Bronx County
Bronx, New York 10451